CH

United States Court of Appeals
for the Fourth Circuit
No. 13-4389

| | |
|---|---|
| Keith Edward Frazier | Motions for leave to |
| Plaintiff-Appellant | Proceed Pro-Se in |
| V. | Direct Criminal Appeals |
| United States of America | And terminate Current |
| Defendant-Appellee | Counsel |

Now Comes the Appellant, Keith Frazier, in regards to the above titled motion and says:

1. I, Keith Edward Frazier, the Appellant of the current age of 25 years old with a college education level understands the Sixth Amendment of the United States Constitution grants me the right to have Assistance of Counsel throughout all processes of the Federal Criminal Procedure and knowingly, intelligently and equivocally waives this right throughout the Direct Criminal appeals process.

2. The Appellant fully understands the dangers and disadvantages of self representation on Appeal; and in no way, shape, form, or fashion would self representation undermine a just and orderly resolution of Appeal.

3. The Appellant feels it is in his best interest and the interest of justice that the Appellants Current Counsel Joseph Michael McGuinness be removed and new Counsel be appointed as "Assistant Only".

4. Without infringing on the Appellants Right to Confidential Due to a Communication breakdown so severe its impossible for Counsel to execute the responsibilities required of

A zealous Advocate, McGuinness and I seem to have a Conflict of interest on how my Appeal should be handled and this Conflict infringes on my Sixth Amendment right. We have irreconcilable differences that have created a relationship that is impossible to repair.

5. If there is "a 'breakdown' of Attorney-Client Communication so great that the principal purpose of the Appointment- the mounting of an adequate defense incident to a fair trial- has been frustrated ..... the initial appointment [will] ha[ve] ceased to constitute Sixth Amendment Assistance of Counsel. United States v. Smith, 640 F.3d 580, 588 (4th Cir. 2011) (quoting) United States v. Gallop, 738 F.2d 105, 108 (4th Cir. 1988)

6. From my understanding the Fourth Circuit Considers three factors when granting a withdrawal of Counsel. (1) The motions timeliness; (2) The adequacy of the Court's inquiry regarding the reasons for the defendant's dissatisfaction with Counsel; and (3) "Whether the Attorney/Client Conflict was so great that it had resulted in total lack of Communication preventing an adequate defense." United States v. Mullen, 32 F.3d 891, 895, (4th Cir. 1994)

7. Under Circuit rule 4-1(D) The Court will permit defendants in direct Criminal appeals to represent themselves if: (1) the defendants request to proceed Pro-Se and the waiver of the right to Counsel are knowing and intelligent and equivocal; (2) the defendant is apprised of the dangers and disadvantages of self representation on Appeal; and (3) Self representation would not undermine a just and orderly resolution of Appeal

## Relief Sought

The Appellant seeks relief in the form of Joseph Michael McGuinness being removed as lead Attorney and the Appellant be allowed to proceed through this Appeals process in forma Pauperis Pro Se while also no longer Allowing motions by mr McGuinness to be filed because as of October 15, 2013 they are without the Knowledge or Consent of the Appellant.

*Ruth Blair*

respectfully submitted this 15 day of october 2013.

# Certificate of Service

I hereby certify that on the 15 day of October 2013 I served a copy of this motion by United States Postal Service upon:

AUSA
John H. Bennett
215 South Evans St.
Suite 206
Greenville, NC
27858

Attorney for Appellant
J. Michael McGuinness
P.O. box 952
Elizabethtown, NC 28337

*Keith Fisher*   Oct. 15, 2013

Kirk Crawin 55747-056
Federal Correctional Institution
P.O. Box 699
Estill, S.C.
29918

(Legal mail)

⇔55747-056⇔
U S Court Of Appeals
1100 E MAIN ST
Suite 501
Richmond, VA 23219
United States

CHARLESTON SC 294

18 OCT 2013 PM 2 L

OCT 22 2013