CH

RECORD NO. 13-4389

*IN THE*
*UNITED STATES COURT OF APPEALS*
*FOR THE FOURTH CIRCUIT*

UNITED STATES OF AMERICA

Appellee

v.

KEITH EDWARD FRAZIER    PRO-SE

Appellant

# BRIEF OF APPELLANT

Keith Edward Frazier, Sr. #55747-056    PRO-SE

Federal correction institution

P.O. Box 699

Estill, S.C. 29918

# TABLE OF CONTENTS

Pages(s)

Table of Contents.................................................. 2

Right to Appeal................................................... 3

Table of Authorities............................................. 4

Statutes & Rules................................................. 5

Statement of Subject Matter and Appellate Jurisdiction........... 6

Statement of Issues presented for Review......................... 7

Statement of Case & Facts........................................ 8

Summary of Argument.............................................. 13

Argument......................................................... 14

Conclusion....................................................... 22

Vacated Convictions and Sentences ............................... 21

Certificate of Compliance....................................... 23

Certificate of Service........................................... 24

Statement by Defendant to the Court of Appeals.................. 22

RIGHT TO APPEAL

Mr. Frazier was convicted after he plead, in open court, to "using and carrying" a firearm "during and in relation to" a crime of violence or "possession" of a firearm in furtherance of a crime of violence. He was entenced to a mandatory minimum term of 84 months imprisonment. Frazier appeals the final judgement entered on May, 14, 2013. At the request of Mr. Frazier, counsel filed a Notice of Appeal commencing the present proceedings.

TABLE OF AUTHORITIES

Alleyne v. United States, 93 CRL 389(4th cir. 2013................. 14

United States V. Goins, 51 f.3d 400, 404 (4th cir. 1995)........... 15,21

United States v. Damon, 191 f.3d 561,564 (4th cir. 1999)........... 17

United States v. Herndon, 7 f.3d 55,58 (5th cir. 1993)............. 18

United States v. Driver, 242, f. 3d 767, 770 (7th cir.)........... 19

Graham v. United States (4th cir.)................................. 17

United States v. Gaudin, 515 U.S. 506, 510 (1995)................ 19

United States v. Hairston, 522 f. 3d, 336 (4th cir. 2008)......... 21

United States V. Dominguez Benitez, 542 U.S. 74, 83, 124 S.CT.
2333, 159 L.Fd. 2d. 157(2004)..................................... 19

United States v. Massenburg 564, f. 3d, 337; (4th cir. 2009)...... 17

Mccarthy v. UNited States, 394, U.S. 459, 464, 89 S.CT. 1166,
22L.ED. 2d. 418 (1969)............................................ 16

Apprendi v New Jersey, 530 U.S. 466, 120 s.ct. 2348, 147, L.Ed.
2d.435 (2000)..................................................... 20

United States v. Freeman, 514 f. 2d 1314, 1318 (D.C. Cir 1975)...... 21

Harris v. Housewright, 697 f.2d. 202, 206 (8th cir 1982)........... 21

United States v. Dewolf, 696f. 2d 1(1st cir 1982)................. 21

United States v. Guglielmini, 384 f. 2d 602, 607 (2nd cir. 1967).... 21

United States v. Sepulveda, 15 f. 3d 1161, 1195-96 (1st cir. 1994).. 21

STATUTES

18 U.S.C. §3231.............................................. 6

18 U.S.C. §1291.............................................. 6

18 U.S.C. §3742(a)........................................... 6

18 U.S.C §924 (c)(1)(a)(i)........................... 7,8,9,11,14,15,17

18 U.S.C. §924 (c)(1)(a)(ii)............................ 11,14,16

18 U.S.C. §2113(a) & 2113(d)............................ 8,11


RULES

Fed.R.Crim.P 11(b)(1)(I)............................... 7,13,17

Fed.R.Crim.P 11(c)(1).................................... 17

Fed.R.App.P 4........................................... 6

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
NO. 13-4389

| | |
|---|---|
| UNITED STATES | ) |
| Appellee | ) |
| | ) |
| v. | ) |
| | ) |
| KEITH EDWARD FRAZIER | ) |
| Appellant | ) |

## I. STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This case is on appeal from a final criminal judgement imposed on May 14, 2013 by United States District Court for the Eastern District of North Carolina, with the Honorable James Fox presiding.

Appellants notice of appeal was timely filed on May 14, 2013. (docket entry 204)

The District's court jurisdiction was premised upon 18 U.S.C. 3231. Jurisdiction of this court was invoked pursuant to 28 U.S.C. 1291, 28 U.S.C. 3742(a) and Federal rule 4, Federal Rules of Appellate Procedure.

This appeal is before this court as a result of the judgement entered by the Honorable James Fox, United States District Judge, on May 14, 2013.

Judge fox sentenced appellant Frazier to 148 months.

# IV. STATEMENT OF ISSUES PRESENTED

In violation of Fed. R. Crim. P. 11 (B)(1)(I), the appellant was not informed of the 5 year mandatory minimum penalty for his 18 U.S.C. 924 (c)(1)(a)(i) offense before entering his plea on October 2, 2012 or October 5, 2012, leaving the appellant unaware of the direct consequences of his actions and unable to enter a knowing and intelligent plea. The fact that his plea was not knowing and intelligent, the courts should have never accepted the plea. This error also contributed to an Apprendi error which involved the sentencing of Frazier outside the guideline range for the actual offense Frazier was charged with and above the mandatory minimum for the offense based on elements not proven beyond a reasonable doubt.

The combined effect of the cumulative errors constituted prejudicial error in violation of the appellant's due process rights.

## II. STATEMENT OF THE CASE

A criminal complaint was filed regarding Appellant Keith Edward Frazier on October 12, 2011. Docket entry 1, On November 8, 2011, a four count indictment was filed against Appellant Frazier along with co-defendants Deontaye Travon Parrish and Kevin Iabricio Frazier*.

Count one of the indictment alleged that on or about February 2, 2011, in the Eastern district of North Caroline, that Appellant Frazier and co-defendant Parrish commited a robbery of wal-mart supercenter in Wasington, North Carolina and took approximately $9,020.00 in currency. Count two alleged that on February 2, 2011, in the Eastern District of North Carolina, that Appellant Frazier and co-defendant Parrish, while aiding and abetting each other, knowingly used and carried a firearm during and in relation to a crime of violence prosecutable in theCourt of the United States, by robbery affecting interstate commerce in violation of Title 18 U.S.C. 1951 as alleged in count one and possessed a firearm in furtherance of said crime in violation of Title 18 U.S.C. 924(c)(1)(a) and 2.

Count three alleged that on or about MArch 7, 2011, in the Eastern District of North Carolina that Appellant Frazier and co-defendant Kevin Frazier, while aiding and abetting each other and others, engaged in armed bank robbery of First South Bank in Greenville, North Carolina, where $24,058.00 in currency was taken and that the defendants used a dangerous weapon, a handgun, in violation of Title 18 U.S.C. 2113(a), 2113(d) and 2.

* With knowledge that there is two defendants with the last name "Frazier" when "Frazier is used within this Brief it should be understood that we speaking about Keith Edward Frazier the Appellant.

(8)

Count four alleged that on or about March 7, 2011, in the Eastern District of North Carolina, That Appellant Fraziet and co-defendant Kevin Frazier, while aiding and abetting each other and others, knowingly used and carried a firearm during and in relation to a crime of violence prosecutable in the court of the United States, via armed bank robbery in violation of Tiltle 18 U.S.C 2113(a) and (d) as alleged in count three of the indictment, and that the defendats possessed the firearm in furtherance of the alleged crime in violation of Title 18 U.S.C 924(c)(1)(a) and 2.

## MOTIONS TO SUPPRESS

Appellant Frazier filed a motion to suppress on MAy 14, 2012. Docket entry 76 with 6 attached exhibits. On JUne 7, 2012, the GOvernment filed a response in opposition to Appellant Frazier's motion to suppress. Docket entry 83. On July 9t, 2012, Appellant Frazier filed two additional motions to suppress, one to suppress an alleged illegal arrest by Greenville Police Department and second, a motion to suppress an alleged illegal arrest by Washington Police Department. See Docket entries 98 and 99

On August 6, 2012, the Government filed a response in opposition to the motions to suppress. On September 10, 2012, Appellant Frazier filed a supplemental motion to suppress with two attached exhibits. Docket entry 118. On September 13, 2012, the Government filed a response in opposition to the supplemental motion to suppress. Docket entry 120.
On September 14, 2012, Judge Fox issued an order denying Appellant Frazier's motion to suppress. Docket entry 125

## ARRAIGNMENT

On October 2, 2012, an arraignment was held for Appellant Frazier. A Rule 11 plea colloquy was conducted and the Appellant Frazier entered a guilty

plea as to counts three and four, and not guilty plea as ro counts one and two. No written plea agreement was filed. Docket entry 131

On October 5, 2012, the Court held a "re-arraignment" for Appellant Frazier. A plea of not guilty was entered for counts one and two and a guilty plea was entered for counts three and four.

## TRIAL ON CONTS ONE AND TWO

Jury selection for trial as to counts one and two began on October 5, 2012. The jury trial began on October 11, 2012 and the trial concluded on October 12, 2012 with the jury rendering a verdict of NOT GUILTY as to counts one and two. Docket entry 152 and 153

## MOTIONS TO WITHDRAW GUILTY PLEAS

OnOctober 23, 2012, Appellant Frazier filed a motion to withdraw his plea of guilty as to count four of the indictment. Docket entry 154. On October 24, 2012 the Government filed a response in opposition to the motion to withdraw the guilty plea as to count 4.

On October 29, 2012 , Judge Fox issued an order denying Appellant's Frazier's motion to with draw his guilty plea as to count four of the indictment. Docket entry 156

On December 11, 2012, Appellant Frazier filed a motion to withdraw his plea of guilty. Docket entry 169 On December 13, 2012, The Government filed a response in opposition to the motion to withdraw the guilty plea. Docket entry 170

On December 13, 2012 The District Court entered an order denying appellant's motion to withdraw his plea of guilty as to counts three and four.

On January 29, 2013, Appellant FRazier filed another motion to withdraw his plea of guilty. Docket entry 183 On February 12, 2013, the District Court

issued an order denying Appellant's motion to withdraw plea of guilty as to

Appellant Frazier. Docket entry 186.

THE PRESENTENCE INVESTIGATION REPORT

On May 7, 2013, U.S. Probation Officer Mary Anna Burnette issued a

prsentence investigation report regarding Appellant Frazier. The Probation

Officer determined Appellant Frazier's Criminal History category to be level III.

That was based upon the subtotal of criminal history points for criminal

convictions as being VI.

The Probation Officer computed a base offense level as 20 based upon

the UNited States Sentencing Guidelins for the violation of 18 U.S.C.

2113(a), which is found in 2B3.1 in the Sentencing Guidelines. The Probation

Officer determined a specific characteristic with a two point increase because

the property of the finaincial institution was taken. U.S. Sentencing Guidelines

2B3.1(b)(1). The Probation Officer found a specific offense charcteristic

by adding one point because the loss was $24,058.00. The Probation Officer

computed the adjusted offense level to be 23.

The Probation Officer computed the Sentencing options as to count three

as follows: That the maximum term of imprisonment is 25 years based on 18

U.S.C. 2113(a) and 2113(d). Based on a total offense level of 23 and a criminal

history category of III, the Probation Officer determined the guideline range

for imprionsment to be 57-71 months.

As to count four, the Probation Officer determined that the term of

imprisonment is not less than 7 years or more than life, consecutive to any

other term of imprisonment. See 18 U.S.C. 924 (c)(1)(a)(ii) When a defendant

is convicted under 18 U.S.C. 924(c)(1)(a)(i), the term of imprisonment is the

minimum required by the statute, 60 months not 84 months.

A sentencing hearing was held before JUdge Fox on May 14, 2013. Judge

Fox imposed a judgement of 64 months of imprisonmenton count three and 84

months of imprison ment on count four, whic was consecutive to count three. The total sentence was 148 months. Judge Fox issued a judgement including the 148 month sentence on May 14, 2013. Docket entry 207

On May 14, 2013, Appellant Frazier filed this notice of appeal. docket entry 204

# V. SUMMARY OF ARGUMENT

The District Court failed to inform the Appellant of the mandatory minimum he was facing which affected substantial rights and was not harmless error. The Districts Court Failure to inform a Defendant of the mandatory minimum sentence during plea colloquy reuired by Federal Rule of Criminal Procedure rule 11(b)(1)(i) constituted a substantial violation of his rights, resulting in reversible error

ARGUMENT

Section 18 U.S.C 924 (c)(1)(a) provides in relevant part, that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall; (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) section 2 of 18 U.S.C. 924 (C)(1)(a) states that if the firearm is "brandished" be sentenced to a term of imprisonment of not less than 7 years. (iii) section 3 of 18U.S.C 924 (C)(1)(a) states that if the firearm is discharged be sentenced to a term of imprisonment of not less than 10 years. 18 U.S.C 924(c)(1)(a) also has 3 "subsequent" conviction  subsections to include the 5, 7, or 10 year sentence for the first offense, 25 years minimum for the second offense, regardless of the elemental enhancement, and a mandatory minimum Life sentence for the third offense, once again regardless of the elemental enhancement.

Unlike many other "mandatory minimum" offenses, 18 U.S.C. 924 (c)(1)(a) guideline range is only the minimum of the mandatory minimum required by the statute. (refer to 2k2.4)

The Appellant was charged in counts 2 and 4, with " using andcarrying a firearm" in relation to a crime of violence, which is section(i) of 18 U.S.C 924 (c)(1)(a), yet it clearly shows from page 47 of the Appendix titled "statutory provision" of Pre-Sentencing Report paragraph 57 that he was sentenced under  section (ii) of 18 U.S.C 924 (c)(1)(A) which reflected an element of "brandishing" that was not presented or founded beyond a reasonable doubt by any jury and an element that the Appellant did not plead guilty to.

Recently, in Alleyne v. United States, 93 CRL 389 (U.S. 2013) the supreme court extended the right to a jury trial to the facts that trigger or increase mandatory minimum sentences. The court reasoned. "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to a jury and found beyond a reasonable doubt... Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to a jury." The "brandishing" element was never presented to the jury, but the courts "misinformed", arraigned  and sentenced the appellant of its 7 year minimum as if it were. It seems as if the judge "enhanced " the appellant of "brandishing" upon his own opinion in violation

(14)

of the Appellants sixth ammendment right.

The Appellant argues that he was not aware of the 5 year mandatory minimum sentence for the offense he plead to before entering his plea on both Oct. 2, 2012 and Oct. 5, 2012 and the courts violated Fed. R. Crim. P. 11(b)(1)(I) by not informing the appellant of the minimum before accepting the plea thus invalidating the plea as "unknowing" and "unintelligible". In support the record reflects; (pg 25-28 of Appendix titeld "October 2, 2012 Arraignment")

THE COURT: Mr. Frazier, for the record I am now going to inform you of the nature of the charges against you and advise you of the maximum penalty and the minimum penalties applicable to each such charge... Count two charges you with using and carrying a firearm during and in relation to a crime of violence or possession of a firearm in furtherance of a crime and aiding and abetting the same. The penalty for this offense is not less than seven years, no more than life, consecutive to any other sentence served, plus up to 250,000 fine and atleast five years supervised release, you'd be subject to a hundred dollar special assessment, and upon revocation of supervised release not more than five years imprisonment...Count 4 charges you with use and carrying a firearm in during and in relation to a crime of violence or possession of a firearm in furtherance of a crime and aiding and abetting the same. The penalty for this offense is not less than 25 years, no more than life, consecutive to any other sentence served, plus 250,000 fine and atleast five years supervised release, you'd be subject to a hundred dollar special assessment and upon revocation of supervised release not more than five years imprisonment... How do you wish to plead.... count 4?
DEFENDANT: Guilty

!8 U.S.C 924 (c)(1)(a) first conviction carries a 5, 7, or 10 year sentence depending on the actual offense and 25 years for any subsequent conviction. Because Frazier plead guilty to count 4 before he went to trial for count 1 and 2, (Frazier was acquitted of counts 1 and 2) if convicted count 2 would have been the "subsequent" conviction founded 7 days after after Oct. 5, 2012 which is the date Frazier Plead guilty to the first and only 18 U.S.C 924 (c)(1)(a) offense. Although the courts made Frazier aware of the 25 years for a "subsequent" 18 U.S.C 924 (c)(1)(a) conviction, the courts failed to inform Frazier of the correct mandatory minimum for a "single" conviction which in FRazier's case was only 5 years.

United States v.Goins, 51,f.3d.400, 404, (4th cir. 1995) (rejected governments suggestion that "enummerating all possible minimum sentences" would impose and "onerous" burden on the district court) It is neither costly in time or effort for the court to enumerate during the plea colloquy the mandatory penalties applicable for the correct 18 U.S.C 924 (c)(1)(a) offense when its

(15)

clearly stated in the indictment. The rule exist in order to ensure that "a

defendant who pleads guilty understands the nature of the charges against him

and whether he is aware of the cinsequences of his plea." <u>Mccarthy v. United</u>

<u>States 394, U.S. 459, 89, S.CT. 1166, 22 L. ED. 2D. 418 (1969)</u>.

____ ON Oct. 5, 2012 the appellant was "re-arraigned" for the same offense

and this time was only informed of the maximum sentence of the offense. No

mandatory minimum was mentioned. (pg 33 of Appendix titled Oct. 5, 2012 Arraignment)

```
THE COURT: At the time I got your plea, I told you the penalties for each of
counts three and four. Do you understand the penalties?
DEFENDANT: Yes, sir.
THE COURT: The total penalties for both counts, Mr. Bennett, is what?
MR. BENNETT: I'm sorry, your honor
THE COURT: The total penalties for both counts three and four is what?
MR. BENNET: The combined penalties for both counts three and four would be
life in prison plus 25 years. 5 years supervised release. the possibility of
a 500,000 fine. The possibility release being revoked and 5 additional years
and restitution.
THE COURT: Thank you very much. do you understand what your plea exposes you to
in counts three and four?
DEFENDANT: That is the maximum sentence, correct?
THE COURT: In three and four, yes.
DEFENDANT: Yes, sir.
NO mandatory minimum was mentioned as the record reflects.
```

The appellant was entenced to 148 months imprisonment. 84 months for count

4 consecutive to count 3. (see pg 43 of Appendix titled MAy 14, 2013 sentencing

hearing)

```
THE COURT: Pursuant to the sentencing reform act of 1984, it is the judgement
of the court that the defendant is hereby committed to the bureau of prisons
for a term of 84 months on count four be servedconsecutively.
```

On May 14, 2013 the Appellant, through his attorney, filed a timely

notice of appeal.

The Appellant was completely unaware that he only faced 5 years instead of 7. The Federal Rules of Criminal Procedure "require" a district court, before accepting a guilty plea, to "personally inform the defendant of, and ensure that he understands the nature of the charges against him and the consequences of his guilty plea." United States v. Damon, 191 f. 3d. 561, 567 (4th cir. 1999) Rule 11 requires the district court to explain "any mandatory minimum penalty" he faces, Fed. R.Crim. P. 11 (B)(1)(I).

Also, a district courts failure to inform the defendant of the mandatory minimum constitues reversible error if the defendant has not been advised of the mandatory minimum until after a plea hearing. The fourth circuit has concluded that they "have little doubt that a district courts faikure to alert a criminal defendant to a potential minimum sentence is a serious ommission that strikes at the core of rule 11." United States v. Massenburg 4th cir.  564, f. 3d. 337. (2009) and the fourth circuit has found that this failure by the district court to inform a criminal defendant that he faces a mandatory minimum sentence during a rule 11 proceeding is a clear violation of the defendants substantial rights, Fed. R. Crim. P. 11(c)(1) Graham v. United States 4th cir. (2008)

Accordingly, while the rule 11 error, itself, may have been limited to the District Courts "misunderstand" of which 18 U.S.C 924 (c)(1)(a) offense the appellant was charged with,  the effect of the errorextended to the appellants evaluation of the risk of pleading guilty to the 18 U.S.C 924 (c)(1)(a) charge, affecting the appellants substantial rights to enter a "knowing" and "intelligent" plea with "eyes open to the consequences of his actions."

United States v. Herndon, 7 f. 3d. 55, 58 (5th cir. 1993) (per curiam)

(" Where the minimum  mandatory sentence, of which  the defendant was not

informed, constitutes a substantial portion of the actual sentence ultimately

determined to be applicable under the guidelines, we think there is a significant

possibility that awareness of such minimum would have affected the defendants

decision to plead guilty....[A] statutory minimum necessarilly colors the

evaluation by a defendant and his counsel of his potential sentence, because

it inherently set a minimum below which a sentence determined by the guideline

cannot go.") In Frazier's case, the 84 month sentence he recieved for the

18 U.S.C. 924 (c)(1)(a) offense totals  to over %54 of his total  148 month sentence

The appellant also, entered not 1 but 3 "motions to withdraw his guilty

plea" before being sentenced. The first entered 11 days after the arraignment,

the second December 11, 2012 and the third January 29, 2013. During his sentencing

hearing Frazier properly preserved this "brandishing"error by objecting to it

in the pre-sentencing report and raising this objection  at his sentencing hearing

( see page 39 of appendix titled May 14, 2013 sentencing hearing) in which

the court never ruled on the objection and moved on without a decision  ignoring

Frazier's objection.

THE COURT: All right, what were the objectios, Mr. Payne?

MR. PAYNE: Yes sir, the first two, your honor, were factual objections in nature.
That is, the defendant objected to--In paragraph eight the factual indication
he walked into a bank in Greenville with a long barrel revolver that-- in
that no dangerous weapon was recovered and that no witness mentioned the
defendant carrying a revolver. moreover, judge, Mr. frazier desires for the
court to know that the onlyFirst South Bank  robbed on March 7th, 2011 is one
located at 907 Firetower rd. in wintervilee, North Carolina, which is the
address on the banks website. I believe that it recites Greenville in the indictment.

THE COURT: Do you agree with that, Mr. Bennett?

MR. BENNET: Your honor, as to that last issue, your honor has already dealt
with that issue  and dismissed it inyour order denying one of the defendants
three motions to withdraw his guilty plea.

THE COURT: All right. Go ahead. What are your other objections, Mr. Payne?

(18)

Also, Frazier clearly states his innocence during his allocution

( see page 41 of appendix   titled sentencing hearing) by saying;

DEFENDANT:"... I would have never plead guilty to any of these charges
if I had not been coerced into pleading guilty by promises and false
statements made by my previous attorney. I plead guilty because I was
under the assumption, influenced by my lawyer that was appointed to me,
that I had no choice but to plead guilty to the charges and that pleading
not guilty was out of the question, regardless of my innocence. I was
ignorant to the truth, under duress, and taken advantage of. I did not
rob any bank and i did not posses any firearm during any bank robbery
and if I had the oppurtunity I would go to trial..."

By entering 3 motions to withdraw his guilty plea, Frazier's

allocation, and the objections to "brandishing" in the pre-sentencing

report, Frazier has shown"a reasonable probability that, without the

error, he would not have entered the plea." United States v. Dominguez

Benitez, 542 U.S. 74. 83, 124 S. CT. 2333, 159 L.fd. 2d.157(2004). "A motion

to withdraw in itself dispels any uncertainty about whether a defendant

actually wants to go to trial." United States v. Drive, 242f.3d 767,

770 (7th cir.)

This error by the courts started when they decided the offense

Frazier was charged and plead guilty to did not carry a sufficient

punishment and took it upon themselve to inflict a more severe one but

as the sixth ammendment provides, those "accused" of a "crime" have

a right to a trial "by an impartial jury." "This right, in conjunction

with the due process clause, requires that each element of a crime be

proved to a jury beyond a reasonable doubt." United States v. Gaudin,

515, U.S. 506, 510, (1995)

The courts purposely misled Frazier about the consequences he faced

by pleading guilty and this in itself affected substantial rights.

Apprendi requires that any fact increasing a criminal penalty beyond the statutory maximum otherwise applicable must be charged in the indictment and either submitted to a jury or admitted by the defendant. Apprendi applies equally to facts increasing a statutory minimum sentence.

District Court commited Apprendi error by enhancing the appellant sentence based on element that was not admitted by defendant in his guilty plea or submitted to a jury. Apprendi v. New Jersey, 530 U.S. 466, 120 S. CT. 2348, 147, L. ED..2D. 435 (2000)

"Apprendi errors are subject to harmless review Washington v. Recuenco, 548 U.S. 212, 126 S. CT. 2546, 165 L. ED.2D 466 (2006). The supreme court has " repeatedly recognized that the commision of a constitutional error at trial alone does not entitle a defendant to automatic reversal . Instead, 'most constitutional errors can be harmless." Id. at 218 (qouting Neder v. United States, 527 U.S. 1, 8, 119 S. Ct. 1827, 144 L. ED. 2D. 35 (1999)). "[I]n context of a particular case, certain constitutional errors, no les than other errors, may have been 'harmless' in terms of their effect on the factfinding process at trial." Delaware v. Van Arsdall, 475 U.S. 673, 681, 106 S. CT. 1431, 89 L. ED. 2D. 674 (1986). "[A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt."

In the appellants case, There is nothing on the record that established beyond a reasonable doubt that Frazier "brandished" any firearm. Guilt beyond a reasonable doubt could have only benn established through trial or a confession from Frazier. Neith occured. Frazier never confessed nor plead guilty to brandishing and no trial was held which only leaves the "assumption" of the prosecutor which is not enough to prove guilt beyond a reasonable doubt. Thus, concluding that this error was in fact not of the harmless variety.

## THE TOTALITY OF THE TRIAL COURT'S ERRORS AND THE CUMULATIVE EFFECT THEREOF CONSTITUTED PREJUDICIAL ERROR AND DEPRIVED APPELLANT OF DUE PROCESS

Where there are multiple alleged errors, the inquiry is not confined to whether or not any of the errors is sufficient to require a new trial. Rather, "where there are numerous errors in a trial, the reviewing court must weigh the cumulative impact." United States v. Freeman, 514 F.2D 1314, 1318 (D.C. cir. 1975). Numerous cases have focused upon the cumulative effect of the errors as being reversible. see Harris v. Housewright, 697 f.2d 202, 206 (8th cir. 1982); United States v. Dewolf, 696 f.2d 1 (1st cir. 1982); United states v. Guglielmini, 384 f.2d 602, 607 (2nd cir. 1967). The "cumulative error doctrine" by United States v. Sepulveda, 15 f.3d 1161, 1195-96 (1st cir. 1994) has been used to invalidate a variety of ills. Id. "[A] handful of miscues, may pack a greater punch..." Id.

Here, the multiple errors combined together prejudiced Frazier's right to a fair trial consistant withdue process in violation of the fifth and sixth ammendments.

### VACATED CONVICTION AND SENTENCES

Failure of a district court to advise a defendant of a mandatory minimum sentence, when a defendant was unaware of minimum, required that the defendants conviction and sentence be vacated so that the defendant could plead anew. United States v. Goins 51f. 3d. 400(4th. cir. 1995) same in United States v. Hairston, 522 f. 3d. 336 (4th cir. 2008)

# VII. CONCLUSION

I, therefore, respectfully askthat this court reverse the judgement of the district court with a finding of fact in favor of the appellant. In the alternative the court should Vacate conviction and sentence granting the Appellant an oppurtunity to replead by remanding the case and instructing the courts to firmly adhere to Fed. R. Crim. P. 11 procedure to avoid further reversible error.

### STATEMENT BY DEFENDANT TO THE COURT OF APPEALS

I, Keith FRazier, can sincerely say had it not been for this rule 11 error and had I known the actual mandatory minimum for 18 U.S.C 924 (C)(1)(a)(i) I would have plead differently and chosen togo to trial.

Keith E. FRazier

CERTIFICATE OF COMPLIANCE

I, Keith Edward Frazier, certify that this brief contains 14,000 words or less.

————————————————

Keith Edward Frazier Sr.

CERTIFICATE OF SERVICE

I, Keith Edward Frazier, hereby certify that on this 12 day of November, 2013,
I caused this Brief of Appellant and Joint Appendix to be filed through
the United States Postal Service To:

United States Court of Appeals                    Counsel for Appellee

1100 E. Main st.                                  Jennifer P. May-Parker

Suite 501                                         Office of U.S. Attorney

Richmond, V.A.                                    310 New Bern Ave.

23219                                             Suite 800

                                                  Raleigh, N.C.

                                                  27601




                                    _____

                                    Keith Edward Frazier Sr.